**Jose Angel GALAZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–73057.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2006.*

Decided April 18, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Larry P. Cote, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Jose Angel Galaz and his wife Minerva Durazo–Coronado, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' dismissal of their appeal of an immigration judge's denial of their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition for review.

The Board held that Jose failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) due to a departure from the United States in 1997. Although we have held an administrative voluntary departure constitutes a break in continuous physical presence, see Vasquez–Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we recently held that the fact that an alien is turned around at the border, i.e., voluntarily returned, even where the alien is fingerprinted and information about his attempted

entry is entered into the government's computer database, does not in and of itself interrupt accrual of physical presence, see Tapia v. Gonzales, 430 F.3d 997, 1002–1004 (9th Cir.2005).

■ On the record before us, we cannot determine whether Jose's return to Mexico by immigration officials was the result of an administrative voluntary departure or a voluntary return. Moreover, even assuming Jose accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether he knowingly and voluntarily accepted administrative voluntary departure. See Ibarra Flores v. Gonzales, 439 F.3d 614 (9th Cir. 2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement). The government concedes that remand of Jose's case is appropriate in light of our decision in Tapia.

■ The Board concluded that Minerva failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(1)(A) because her testimony concerning a June 1987 arrival date was inconsistent with a June 1992 arrival date listed on an affirmative asylum application she withdrew before her merits hearing. However, Minerva never attested to the truth of the contents of her asylum application and explained that she did not recall the 1992 date being listed therein. Moreover, in addition to her own testimony that she first arrived in June 1987, Minerva submitted a sworn declaration from her former employer supporting a June 1987 entry date. The evidence also demonstrates that Minerva gave birth to one of her children in the United States in 1990.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Accordingly, substantial evidence does not support the Board's determination that Minerva failed to establish the requisite continuous physical presence. *See Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 855 (9th Cir.2004).

We remand Jose's cancellation of removal application to the Board for further proceedings to determine whether he established the requisite continuous physical presence or good moral character. We conclude that Minerva's credible testimony established her claim of continuous physical presence. We remand Minerva's claim for consideration of whether she established good moral character. We note that the IJ already determined that both Jose and Minerva established the requisite exceptional and extremely unusual hardship to their United States citizen children.

**PETITION FOR REVIEW GRANTED; REMANDED.**